# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEATHROW COUNTRY CLUB, LLC,**

      **Plaintiff,**

-vs-            **Case No.  6:07-cv-1613-Orl-31UAM**

**ZURICH AMERICAN INSURANCE
COMPANY, RDC GOLF GROUP, INC.,
HEATHROW GOLF COMPANY
LIMITED PARTNERSHIP and TIMOTHY
O'TOOLE,**

      **Defendants.**

_____

## ORDER

   This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 9), Defendants'

Response thereto (Doc. 20) and Plaintiff's Reply (Doc. 27).

   Defendant Zurich American Insurance Company ("Zurich") alleges that removal is

appropriate because this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §

1332. Federal courts may exercise diversity jurisdiction only if there is complete diversity and the

amount in controversy exceeds $75,000. It is a well-established rule that the removal statute

should be construed narrowly, with all doubts resolved against removal. *Diaz v. Sheppard*, 85 F.3d

1502, 1505 (11th Cir. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09

(1941). Therefore, the burden is on Zurich to show that removal is proper in this case.

   Plaintiff Heathrow Country Club, LLC ("HCC") alleges that removal was improper

because (1) there is not complete diversity among the parties and (2) none of the other defendants

consented to removal.[1] Zurich responds that Plaintiff's arguments must fail because the remaining defendants are nominal parties that were added solely for the purpose of avoiding federal jurisdiction.

## I. Background

This is an insurance contract dispute concerning a policy purchased by RDC Golf Group, Inc. ("RDC") from Zurich in 2004 ("the Policy"). Heathrow Golf Company, LP ("HGC") was the named insured under the Policy.  The Policy covered the real property located at 1200 Bridgewater Drive, Heathrow, Florida 32746 ("the Property").

On March 6, 2006, HGC, through its court-appointed Receiver Timothy O'Toole ("O'Toole"), transferred the Property to HCC. At that time, HGC also assigned to HCC any future receipts of proceeds from insurance claims made prior to March 6, 2006. This included claims made as a result of damage to the Property caused by Hurricane Charley on August 13, 2004 and a fire which occurred in a maintenance building on March 29, 2005.

HCC filed this action in the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida, on August 31, 2007, seeking, *inter alia*, to recover funds it alleges are owed as a result of those claims. On October 10, 2007, Zurich filed its Notice of Removal in this Court, and on October 16th Plaintiff filed the instant Motion to Remand.

---

[1]Plaintiff also argues that this case should be remanded because another related case is ongoing in state court. This Court finds that argument to be completely without merit under these circumstances and will not analyze it in this Order.

## II. Legal Analysis

Plaintiff argues that there is not complete diversity among the parties because HCC, HGC and O'Toole are all citizens of Florida. This fact is undisputed, however, Zurich argues that, because HGC and O'Toole were fraudulently joined, their citizenship should not be considered for purposes of diversity jurisdiction.

> When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

In his affidavit, O'Toole states that it is his position, as Receiver for HGC, that Plaintiff is solely entitled to the insurance proceeds in question. (Doc. 20-2 at 3). Thus, Plaintiff has no justiciable dispute with either HGC or O'Toole and this Court finds that they were fraudulently joined.

Plaintiff also argues that removal is ineffective because Zurich did not obtain RDC's consent prior to removal. However, RDC was fraudulently joined as well. In its Answer (Doc. 3 at

2-3; Doc. 2 at 5-6), RDC admits that it has no claim to the insurance proceeds at issue in this case.[2]

Therefore, Zurich was not required to obtain RDC's consent to remove this case.

**III. Conclusion**

      For the reasons stated herein, it is

      **ORDERED** that the Motion to Remand (Doc. 9) is **DENIED**.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on November 27, 2007.

                                  GREGORY A. PRESNELL
                          UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2]In its Reply, Plaintiff argues that because Zurich initially issued a check for insurance proceeds to RDC, RDC is a necessary party to this action. However, Plaintiff's own exhibits demonstrate that the check made out to RDC was returned to Zurich to be reissued once entitlement was determined. (Doc. 27-2 at 14).

-4-